**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JAMILA REEVES, | ) | |
| Plaintiff, | ) | |
| vs. | ) | No. 4:25-cv-01793-JSD |
| EDDIE TURNER, | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

Self-represented Plaintiff Jamila Reeves brings this civil action seeking millions of dollars in damages from Defendant Eddie Turner. ECF No. 1. On March 25, 2026, the Court granted Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs and directed Plaintiff to show cause as to why this action should not be dismissed for lack of subject matter jurisdiction. ECF No. 8. In her response, Plaintiff asserts that this suit is being brought under federal question jurisdiction for due process and equal protection claims under the Fourteenth Amendment. ECF No. 9 at 1-2. As such, the Court will not dismiss for a lack of subject matter jurisdiction. However, as Plaintiff is proceeding without prepayment of fees and costs, her pleadings are subject to an initial review under 28 U.S.C. § 1915(e)(2)(B). Based on such review, this case will be dismissed for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff's other pending motions will be denied as moot.

**Plaintiff's Pleadings**

Plaintiff alleges that she was physically assaulted by Defendant Eddie Turner in May 2019 when he twice "placed his hands around [her] neck, strangling her and cutting off her air

supply." ECF No. 1 at 2-3. According to Plaintiff, the assault caused or exacerbated many "severe and ongoing physical and emotional injuries" including a "silent miscarriage," Polycystic Ovary Syndrome, difficulty getting pregnant, and ongoing neck injuries requiring chiropractic care. *Id.* at 3-4. Plaintiff seeks over thirty (30) million dollars in damages on her claims of assault, battery, and intentional infliction of emotional distress. *Id.* at 4-7.

In her Complaint, Plaintiff states that both parties are residents of the State of Missouri. *Id.* at 1. Then, in the section pertaining to "Jurisdiction and Venue," Plaintiff makes conflicting statements as to whether this Court has subject matter jurisdiction over this matter:

> Plaintiff believes that this Court has subject matter jurisdiction over this action (Based on the facts provided, both Plaintiff and Defendant are residents of Missouri. This means there is no "diversity of citizenship" for federal court jurisdiction. Furthermore, the claims described are state law torts (assault, battery, intentional infliction of emotional distress), which do not create "federal question" jurisdiction. Therefore, based on the information provided, this case would likely belong in Missouri state court, not federal court. The assertion that a 7-year statute of limitations "forces" a federal filing is not a valid basis for federal jurisdiction and federal courts apply state statutes of limitations to state law claims.)

*Id.* at 1-2.

Approximately three (3) months after initiating this action, Plaintiff filed a motion for protective order (ECF No. 5), thirty-one (31) exhibits to supplement her Complaint (ECF No. 6), and a motion for leave to amend the complaint (ECF No. 7). In the motion for protective order, Plaintiff seeks "an Emergency Federal Protective Order" to protect her "throughout future proceedings" because she alleges that she is "being framed for serving a subpoena and hand summons to the defendant for the state case" that she has pending against him.[1] ECF No. 5 at 1.

---

[1] Based on an independent review of Missouri Case.net, the State of Missouri's online docketing system, Plaintiff is a very active litigant in state court, having filed many civil cases against various parties in the past ten (10) years. In January 2025 (twelve (12) months before this case was filed), Plaintiff filed a personal-injury action against Defendant Eddie Turner, alleging that Turner physically assaulted her in August 2022. *See Reeves v. Turner*, No. 2522-CC00082 (22nd Jud. Cir. filed Jan. 14, 2025). This case is still open in state court. On August 17, 2026, the state court granted Plaintiff's request for additional time to complete service on Defendant. The case is currently scheduled for trial on October 13, 2026.

Plaintiff's supplemental exhibits include medical records and records from Plaintiff's state court case against Defendant Turner for an alleged 2022 assault. ECF No. 6. Finally, Plaintiff's motion for leave to amend seeks to update her requested damages from over thirty (30) million to one-hundred-and-thirty-one (131) million. ECF No. 7 at 1. She states that she attached an amended complaint to her motion to amend, but no amended complaint was filed. *Id.*

**Order to Show Cause Regarding Jurisdiction and Plaintiff's Response**

Federal courts are courts of limited jurisdiction, and this Court only has jurisdiction to hear cases involving the Constitution, laws, or treaties of the United States under 28 U.S.C. § 1331, and to hear cases where diversity jurisdiction exists under 28 U.S.C. § 1332. *See McAdams v. McCord*, 533 F.3d 924, 927 (8th Cir. 2008). Upon review of Plaintiff's Complaint, the Court could find no basis for federal jurisdiction. Plaintiff admits in the Complaint that both parties are citizens of Missouri. Furthermore, the alleged claims are all state-law tort claims which do not arise under the Constitution or any federal law. As such, Plaintiff was ordered to show cause why this action should not be dismissed for lack of jurisdiction. ECF No. 8.

In response,[2] Plaintiff states that this Court has federal question jurisdiction over this matter because this "action involves significant violations of the Plaintiff's federal constitutional rights, including the right to Due Process and equal protection under the law." ECF No. 9 at 1. Plaintiff goes on to assert that Defendant violated her civil rights when he knowingly filed a false police report alleging that Plaintiff had a firearm. Furthermore, Plaintiff claims that Defendant's multiple family members employed within the state judiciary constitutes a conflict of interest

[2] Plaintiff filed three (3) attached responses to the Court's Order to Show Cause: a "Response" (ECF No. 9-2), an "Amended Response" (ECF No. 9-1), and a "Second Amended Response" (ECF No. 9). It is unclear why Plaintiff chose to file all three versions, but the Court will only review the Second Amended Response as it contains a legitimate argument as to whether federal court jurisdiction exists here. *See* ECF No. 9-1 (asserting that this Court has diversity jurisdiction over this matter, despite Plaintiff's admission that both parties are citizens of the State of Missouri).

which "creates a fundamental barrier to the Plaintiff's right to a fair trial" in state court. As such, Plaintiff seeks "oversight" by this Federal Court. Plaintiff further alleges that Defendant's statement that she "did not deserve to be a mother" is a "direct confession by the Defendant to the killing of the Plaintiff's unborn child in 2019." According to Plaintiff, this confession constitutes intentional acts that violated her "most fundamental bodily and reproductive liberties." *Id.* Finally, Plaintiff states that Defendant's violations of her "Fourth[3] and Fourteenth Amendment rights are of such significant constitutional weight that they merit federal review … to ensure the protection of civil liberties against malicious state-level interference." *Id.* at 2.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court may dismiss a complaint filed *in forma pauperis* if the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and it liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits the claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even self-represented plaintiffs are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts

[3] The Fourth Amendment protects against unreasonable searches and seizures, and from the issuance of warrants without probable cause. U.S. Const. amend. IV. Because Plaintiff provides no factual allegations that involve a search, seizure, or warrant, her claims will only be analyzed under the Fourteenth Amendment.

or to construct a legal theory for the self-represented plaintiff).

To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

**Discussion**

After careful review and liberal construction of the pleadings, the Court finds that this case must be dismissed for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). Plaintiff attempts to bring this civil action under the Fourteenth Amendment, alleging violations of her due process and equal protection rights by private-citizen Eddie Turner, based on an alleged physical assault in May 2019. For purposes of analysis, the Court will liberally construe Plaintiff's Fourteenth Amendment claim as being brought under 42 U.S.C. § 1983. The United States Supreme Court has explained that "[c]onstitutional rights do not typically come with a built-in cause of action to allow for private enforcement in courts. … Instead, constitutional rights are generally … asserted offensively pursuant to an independent cause of action designed for that purpose, see, *e.g.*, 42 U.S.C. § 1983." *DeVillier v. Texas*, 601 U.S. 285, 291 (2024). Furthermore, the Eighth Circuit has held that a Fourteenth Amendment due process claim should be structurally treated as a claim brought for relief under 42 U.S.C. §

1983, since a claim may not be brought directly under the Fourteenth Amendment. *Wax 'n Works v. City of St. Paul*, 213 F.3d 1016, 1019 (8th Cir. 2000).

42 U.S.C. § 1983 was designed to provide a "broad remedy for violations of federally protected civil rights." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 685 (1978). The essential elements of a constitutional claim under § 1983 are that the defendant acted under color of state law, and that the alleged wrongful conduct deprived the plaintiff of a constitutionally protected federal right. *Schmidt v. City of Bella Villa*, 557 F.3d 564, 571 (8th Cir. 2009). To that end, only state actors can be held liable under § 1983. *Carlson v. Roetzel & Andress*, 552 F.3d 648, 650 (8th Cir. 2008); *see also Sanders v. Sears, Roebuck & Co.*, 984 F.2d 972, 975 (8th Cir. 1993) (stating that § 1983 secures constitutional rights from government infringement, not infringement by private parties).

Still, when a private party acts under color of state law, he or she can be held liable under § 1983. *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 590 (8th Cir. 2004). However, a private party may only be held liable if it is a "willful participant in joint activity with the State or its agents." *Gibson v. Regions Fin. Corp.*, 557 F.3d 842, 846 (8th Cir. 2009) (internal citation omitted). In order to state a claim against a private party under § 1983, the plaintiff "must allege, at the very least, that there was a mutual understanding, or a meeting of the minds, between the private party and the state actor." *Mershon v. Beasley*, 994 F.2d 449, 451 (8th Cir. 1993).

In this case, Plaintiff's constitutional claims brought under § 1983 fail because Defendant Eddie Turner is not a state actor and there is no evidence or allegation that Turner had a mutual understanding or meeting of the minds with any state actor.

Furthermore, the basis of Plaintiff's Complaint pertains to an alleged May 2019 physical

assault. Because 42 U.S.C. § 1983 provides no specific statute of limitations period, the controlling limitation period is the most appropriate period provided by state law. *Buford v. Tremayne*, 747 F.2d 445, 447 (8th Cir. 1984) (citing *Johnson v. Ry. Express Agency*, 421 U.S. 454, 462 (1975); *Foster v. Armontrout*, 729 F.2d 583, 584 (8th Cir. 1984)). Section 1983 claims are analogous to personal injury claims and are therefore subject to Missouri's five-year statute of limitations. *Sulik v. Taney Cnty., Mo.*, 393 F.3d 765, 766-67 (8th Cir. 2005); Mo. Rev. Stat. § 516.120(4). Plaintiff filed this action in December 2025—more than five (5) years after the alleged May 2019 assault. Therefore, this case is also subject to dismissal as time barred. *See Myers v. Vogal*, 960 F.2d 750, 751 (8th Cir. 1992) ("Although the statute of limitations is an affirmative defense, a district court may properly dismiss an in forma pauperis complaint under 28 U.S.C. § 1915[] when it is apparent the statute of limitations has run.") (citations omitted).

Finally, to the extent Plaintiff seeks "oversight" and "intervention" by this federal court into her ongoing state court case, as a general rule of national policy, a federal court may not stay or enjoin pending state court proceedings unless special circumstances exist. *Younger v. Harris*, 401 U.S. 37, 41-49 & n.2 (1971) (injunctive relief) (citing *Samuels v. Mackell*, 401 U.S. 66, 73 (1971) (declaratory relief)). Any request to dismiss, enjoin, or otherwise intervene in the ongoing state judicial proceeding is barred under the abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971). *Younger* requires federal courts to abstain from hearing cases when there is an ongoing state judicial proceeding that implicates important state interests and affords an adequate opportunity to raise the federal questions presented. *Norwood v. Dickey*, 409 F.3d 901, 903 (8th Cir. 2005). The doctrine applies to claims for both injunctive and declaratory relief. *Samuels v. Mackell*, 401 U.S. 66, 73 (1971). In summary, this federal court does not sit in review of a state court decision on the same claims.

For all these reasons, this case must be dismissed under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief may be granted.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk shall **not** issue process or cause process to issue upon the Complaint as to Defendant Eddie Turner because the Complaint fails to state a claim upon which relief can be granted. Plaintiff's claims against Defendant Eddie Turner are **DISMISSED without prejudice**. *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that Plaintiff's motion for protective order [ECF No. 5] is **DENIED as moot**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for leave to amend the Complaint in order to change the amount of requested damages [ECF No. 7] is **DENIED as moot**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for disability accommodations [ECF No. 10][4] is **DENIED as moot**.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 24th day of August, 2026.

AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

[4] On April 21, 2026, after filing a Complaint, multiple motions, and a response to the Court's Show Cause Order, Plaintiff filed a "request to have disability accommodations … as plaintiff has been deemed totally mentally and physically disabled by the State of Missouri as of April 2025." ECF No. 10 at 1. However, Plaintiff never states what disability accommodations she is requesting from the Court. Regardless, as this case is being dismissed, this motion will be denied as moot.